# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| YASKAWA AMERICA, INC. MOTOMAN ROBOTICS DIVISION, | * * * | Civil Action No. 3:14-cv-00084 |
| | * | Judge Thomas M. Rose |
| Plaintiff, | * * | |
| v. | * * | STIPULATED PROTECTIVE ORDER |
| INTELLIGENT MACHINE SOLUTIONS, INC. | * * * | |
| Defendant. | * | |

_____

WHEREAS, the Court recognizes the legitimate interests of the parties (and subpoenaed non-parties) in the above-captioned action in the confidentiality and security of certain business, personal, and trade secret information, including electronically stored information;

IT IS HEREBY ORDERED as follows:

1. This Stipulated Confidentiality and Protective Order ("Order") governs all documents and information, including electronically stored information, produced at any time during the pendency of this action, including any documents and information produced prior to the entry of this Order, by any party or any non-party, which is subject to a subpoena for oral examination or subpoena *duces tecum*, or called to testify in this matter at trial; all copies of or information contained in any such documents; responses to Interrogatories, responses to Requests for Documents and/or or Requests for Admissions or other discovery; all information and photographs derived/obtained during any inspection; and all other information produced or provided in this action by the parties, including without limitation deposition, hearing and trial testimony (collectively referred to as "Litigation Material").

2. Litigation Material shall be used solely for the purpose of preparing for, or conducting the trial of, this action. Litigation Material shall not be disclosed or used for any other purpose, including business, governmental, commercial, administrative or judicial proceedings, except as otherwise required by law.

3. Any party or non-party producing Litigation Materials in this case may designate any Litigation Materials as "Confidential" if such designation is made in good faith consistent with the following definition. The designation "Confidential" shall be utilized for Litigation Materials containing non-public, sensitive commercial, financial or proprietary business information or protected personal information.

4. With respect to hard copy information, a party, non-party, or its counsel may designate as Confidential any documents, or portion or portions thereof, by stamping the word "Confidential" (or a phrase to that effect, such as "Confidential: Subject to Protective Order") on every such page at or prior to the time of production.

5. With respect to electronically stored information ("ESI") produced in native format, i.e., the software format in which the document or information was originally created and stored on the producing entity's storage media, a party, non-party, or its counsel may designate as Confidential any native ESI by segregating such files on a separate disk, with each file on the disk having a unique name or number identifier, and labeling the entire disk with the word "Confidential " (or a phrase to that effect, such as "Confidential Native Files: Subject to Protective Order") at or prior to the time of production.

6. With respect to electronically stored information ("ESI") produced in image file format, i.e., portable data file ("PDF") or tagged image file format ("TIFF"), a party, non-party, or its counsel may designate as confidential any image file ESI by labeling each page of each image

file as "Confidential" (or a phrase to that effect, such as "Confidential:  Subject to Protective Order") at or prior to the time of production.

7. A party, non-party, or its counsel may designate deposition (or other testimony) and inspections as either "Confidential" by so stating on the record on the day the inspection takes place or testimony is given or by sending written notice to counsel for all other parties designating the inspection confidential prior to the inspection or designating, by page and line, the portion of any transcript or transcripts to be treated as confidential within 20 days of receipt of the applicable transcript by the witness.

8. A party, non-party, or its counsel may designate any other Litigation Material not encompassed within Paragraphs 1 through 3 above, so long as it satisfies the definition of "Confidential" material in paragraph 3, in the same manner as described in paragraphs 4-7 or by sending written notice to counsel for all other parties specifically designating the material to be treated as Confidential at or prior to the time that it is produced.

9. All Litigation Material designated or stamped as Confidential, any copies thereof, and the information contained therein, shall not be given, shown, made available to, or communicated in any way to anyone, except those persons listed below, unless ordered by the Court or done with the prior written consent of the producing party's counsel.  Persons to whom Litigation Material designated as Confidential may be given, shown, made available, or communicated without prior written consent are the following:

    (a) the Court (including clerks and other court personnel);

    (b) the parties and their counsel of record, including directors, officers, representatives, employees, or insurers of the above who are assisting them for the purpose of preparing for, conducting or settling this action;

(c) court reporters who transcribe deposition or other testimony in this action;

(d) consultants or expert witnesses retained by a party for the purpose of preparing for, conducting or settling this action, who will utilize any Confidential material disclosed solely to assist in preparing for, conducting or settling this action; and

(e) any witness, but only to the extent that such witness' testimony involves the matters governed by, subsumed within, or otherwise affected by information or documents designated as Confidential material.

10. If the producing entity agrees in writing, the parties may include additional persons or categories of persons, beyond those listed in paragraph 9, to whom Litigation Material designated as Confidential may be given, shown, made available or communicated. Absent the agreement of the producing entity, each party reserves the right to move the Court for good cause shown to seek to include additional persons or categories of persons, beyond those listed in paragraphs 9, to whom Litigation Material designated as Confidential may be given, shown, made available or communicated.

11. Nothing herein shall restrict the persons identified in paragraphs 9 from making working copies for use in their offices or for use during examination of witnesses, which working copy shall be automatically designated as Confidential to match the designation of the document from which it was made.

12. Any person identified in paragraphs 9(d) or (e) above, who is given access to Litigation Material designated Confidential shall, prior thereto, be given a copy of this Order and shall acknowledge receipt thereof, and consent to be bound thereby and subject to sanctions of this Court, by signing a written statement substantially in the form of Exhibit 1, attached hereto.

13. Litigation Material designated as Confidential that is filed with the Court, with the Court's permission, shall be filed under seal and shall be maintained under seal, unless the party that provided the Litigation Material waives this provision by written notice to counsel for the other parties to the action. Any such written notice may limit the extent of the waiver by designating specific information to which the waiver attaches.

14. If Litigation Material designated as Confidential is sought to be filed with the Court, or otherwise used or introduced at a hearing or trial of this action, counsel for the party seeking to use or introduce such Litigation Materials shall so advise the Court and request that the Court take such steps as it deems appropriate to protect the confidentiality of the Litigation Material. Per authority of *Proctor & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. This Protective Order does not authorize filing under seal.

15. Nothing in this Order shall prevent any party from disclosing its own Litigation Material, and any such disclosure shall not be deemed a waiver of any other party's rights or obligations under this Order.

16. The production or disclosure of Litigation Material designated as Confidential shall in no way constitute a waiver of the producing party's right to object to the production or disclosure of any other information or documents in this action. The parties hereto expressly reserve the right to seek any appropriate order modifying this Order or imposing additional restrictions on discovery in this action, including an order that the production be limited to Attorneys' Eyes Only or that the production not be had. Nothing herein shall be read as to waive any privilege or exemption from production that any party may assert independent of this Order.

17. The inadvertent or pre-protective order production of any "Confidential" Litigation Material during discovery in this action without the "Confidential" designation or the inadvertent production of any privileged or work-product protected Litigation Material shall be without prejudice to any subsequent claim that such material is "Confidential," privileged in any respect, or protected from discovery as work-product within the meaning of Rule 26 of the Federal Rules of Civil Procedure. No Party shall be held to have waived any rights by any such inadvertent production.

18. No party waives the right to challenge another party's or non-party's designation of Litigation Material as Confidential. Any party hereto that objects to another party's or non-party's designation of Litigation Material as Confidential shall first state its objection in writing to the producing entity. The parties hereto agree to confer in good faith to resolve any dispute arising under this Order. If the parties to the dispute are unable to resolve such dispute, any party to the dispute may move the Court to resolve the dispute upon notice in writing to counsel for all other parties to this action and upon such other notice as is provided by law or rule.

19. In the event any receiving party has possession, custody or control of any Litigation Material designated as Confidential that becomes the subject of a subpoena or demand for the production of such Litigation Material in another matter, that receiving party shall make all reasonable effort to notify counsel for the producing entity of such a subpoena or demand so as to permit counsel time to seek an appropriate order modifying or quashing the subpoena or demand.

20. This Order shall bind the parties and shall continue to be binding on the parties throughout and after the conclusion of this action, including any appeals or retrials. This Court shall retain jurisdiction of this action for the purpose of enabling any party, person or other entity

to apply for any order or relief as may be deemed necessary or appropriate to enforce this Order. Upon termination of this action, each party shall return or destroy Litigation Materials designated as Confidential and any copies, summaries, or digests thereof within thirty (30) days after the termination.  Nevertheless, one law firm for each party to this action may retain for a period not to exceed five years one complete set of all trial testimony and exhibits, all deposition transcripts and exhibits, and all pleadings and other papers filed with the Court.  Documents retained under the provisions of this paragraph shall be kept in a secure fashion.

21. Disclosure pursuant to this Stipulated Protective Order solely for purposes of this litigation does not violate the terms of any mutual non-disclosure agreement between the parties, to the extent any such non-disclosure agreement exists.

**SO ORDERED:**

June 2, 2014                                                     *s/Thomas M. Rose

                                                     Judge Thomas M. Rose
                                                     UNITED STATES DISTRICT JUDGE

AGREED TO:

| | |
|---|---|
| *s/ J. Steven Justice* | *s/ Christopher w. Carrigg* |
| J. Steven Justice (OH0063719), Trial Attorney | Christopher W. Carrigg (OH0023947), Trial Attorney |
| Glen R. McMurry (OH0082600), Co-Counsel | Lisa A. Hesse (OH0042120), Co-Counsel |
| DUNGAN & LEFEVRE CO., LPA | FREUND, FREEZE & ARNOLD |
| 210 West Main Street | 1 South Main Street, Suite 1800 |
| Troy, Ohio 45373 | Dayton, Ohio  45402-2017 |
| Tel:   (937) 339-1511 | Tel:    (937) 222-2424 |
| Fax:  (937) 335-4084 | Fax:   (937) 222-5369 |
| justice@dunganattorney.com | ccarrigg@ffalaw.com |
| gmcmurry@dunganattorney.com | lhesse@ffalaw.com |
| *Attorneys for Plaintiff Yaskawa America Inc. Motoman Robotics Division* | *Attorneys for Defendant Intelligent Machine Solutions, Inc.* |

## **EXHIBIT 1**

I acknowledge my understanding that Litigation Material designated as Confidential, as defined in the Stipulated Protective Order entered in *Yaskawa America, Inc. v. Intelligent Machine Solutions, Inc.*, No. 3:14-CV-00084 (S.D. Ohio) is being provided to me pursuant to the terms and restrictions of that Order. My signature below constitutes an acknowledgement that I have read the Order and consent to be bound by it and subject to sanctions of this Court. I also understand and agree that I am subject to penalty for contempt of court for any violation of the terms of that Order.

Dated: _____

By: _____

4823-0036-2523, v. 2